IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ZACHARY LEE ELLIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HON. KEITH L. STONEY, Saratoga Springs Justice Court Judge; CITY OF SARATOGA SPRINGS, a municipal corporation; DAPHNE RIVERA, Saratoga Springs Justice Court Clerk; NATHAN HARRIS, in his individual capacity and official capacity as a Saratoga Springs Police Officer; JAMES O. TRACY, JR., Utah County Sheriff; UTAH COUNTY; JOHN AND JANE DOES 1-10, Utah County Deputy Sheriffs; and JOHN AND JANE DOES 11-20, Employees of the City of Saratoga Springs; inclusively,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL<br><br><br>Case No. 2:12-CV-335 TS |

　　　　This matter is before the Court on Defendants Keith L. Stoney, Nathan Harris, Daphne Rivera, and City of Saratoga Springs' (the "City") Motion for Partial Dismissal. For the reasons discussed below, the Court will grant the Motion for Partial Dismissal.

I.  BACKGROUND

　　　　Plaintiff alleges that Defendants violated his civil rights when Judge Stoney sent Plaintiff to jail without a commitment order after his arraignment on charges of domestic violence. He was held without bail for approximately one month. Plaintiff further alleges that Judge Stoney

1

subsequently created a commitment order and instructed his clerk, Defendant Rivera, to backdate it to justify Plaintiff's incarceration.

Plaintiff brings various 42 U.S.C. § 1983 claims against all Defendants, and state tort claims against some of the Defendants including assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, fraudulent misrepresentation, and negligence.

In this Motion, Defendants Stoney, Harris, Rivera, and the City seek partial dismissal of Plaintiff's complaint.[1] The individual Defendants argue that they are entitled to immunity, and the City argues that Plaintiff failed to file a notice of claim and that Plaintiff's state law claims against them are barred by the Utah Governmental Immunity Act.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all well-pleaded factual allegations, not conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff.[2] Plaintiff must provide "enough facts to state a claim . . . that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to

---

[1] Defendants Utah County and Sheriff James O. Tracy recently filed a motion for judgment on the pleadings.  Docket No. 31.

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  As the Court in *Iqbal* stated, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[7]

### III.  DISCUSSION

A.   JUDICIAL IMMUNITY

"A long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[8]  The Supreme Court has recognized that "[a]though unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[9]  Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[10]  This immunity can be overcome only when a judge either (1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction.[11]

---

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 678–79 (alteration in original) (internal quotation marks and citations omitted).

[8] *Mireles v. Waco*, 502 U.S. 9, 9 (1991).

[9] *Id.* (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[10] *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[11] *Id.* at 11-12.

3

Acts outside a judge's judicial capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[12] Such actions may include promulgating rules,[13] or hiring and firing staff.[14] These types of administrative acts are not covered by judicial immunity.

Plaintiff argues that since his hearing was over when he was committed to jail, the commitment was an administrative action. As stated, Plaintiff was before Judge Stoney to be arraigned on charges of domestic violence. Even though the hearing was over when Judge Stoney ordered Plaintiff to be sent to jail, Judge Stoney was still presiding in his court. Furthermore, the fact that Judge Stoney's order was carried out by police officers does not "somehow transform his action from 'judicial' to 'executive' in character."[15]

Plaintiff further alleges that falsifying a court record is an administrative act, but the Tenth Circuit has held that a clerk's creation of a court order is a judicial act even when the clerk does not follow proper procedures.[16] Therefore, even if some "unfairness and injustice" resulted from Judge Stoney's actions, he did not act outside his judicial capacity.

Plaintiff next argues that Judge Stoney acted in the absence of all jurisdiction. Utah justice courts, although not courts of record,[17] have "jurisdiction over class B and class C

---

[12] *Id.* at 12.

[13] *Sup. Ct. of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719 (1980).

[14] *Forrester v. White*, 484 U.S. 219 (1988).

[15] *Mireles*, 502 U.S. at 13.

[16] *Newton v. Buckley*, No. 96-4202, 127 F.3d 1109, at *4 (10th Cir. Oct. 17, 1997) (unpublished) ("The circuits are in agreement that a clerk's issuance of a warrant involves a quasi-judicial act and, therefore, carries with it the protections of absolute immunity".)

[17] Utah Code Ann. § 78-5-101.

misdemeanors"[18] and "have the same authority regarding matters within their jurisdiction as judges of courts of record."[19] Plaintiff's charge of Domestic Violence in the Presence of a Child is a class B misdemeanor within the subject matter jurisdiction of the Saratoga Springs Justice Court. Also, the Utah legislature has granted authority to deny bail to those charged with domestic violence crimes "if there is substantial evidence to support the charge, and if . . . the alleged perpetrator would constitute a substantial danger to an alleged victim." [20] Even if Judge Stoney's action "was in error, was done maliciously, or was in excess of his authority,"[21] Judge Stoney still did not act in absence of *all* jurisdiction. Therefore, he is entitled to immunity.

Defendant Daphne Rivera, the court clerk, is also protected by judicial immunity. Judicial immunity "applies not only to judges but also to any judicial officer" who acts either to "resolve disputes between parties" or "adjudicate private rights."[22] Defendant Rivera was assisting Judge Stoney in resolving a dispute regarding Plaintiff's criminal case, and thus also enjoys absolute judicial immunity.

The case cited by Plaintiff, *Antoine v. Byers & Anderson, Inc.*,[23] is distinguishable because it involved a court reporter, not a court clerk. The Supreme Court held that since court reporters are not afforded any discretion in carrying out their duties, but are "required by statute

---

[18] *Id.* at § 78-5-104.

[19] *Id.* at § 78-5-106(b).

[20] *Id.* § 77-36-2.5(12).

[21] *Stump v. Sparkman*, 435 U.S. 356, 356–57 (1978) (internal citations omitted).

[22] *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).

[23] 508 U.S. 429 (1993).

to record verbatim court proceedings in their entirety,"[24] they are not protected by judicial immunity. Court clerks, in contrast, have discretion in how they assist judges in "resolving disputes between parties."[25] Therefore, court clerks are protected by judicial immunity unless they act outside of their jurisdiction.[26]

B.  QUASI-JUDICIAL IMMUNITY

Defendant Harris is similarly protected by absolute quasi-judicial immunity. Police officers, although executive officers, are entitled to absolute quasi-judicial immunity when they are acting as "an official aid of the judge"[27] and executing orders that are "facially valid."[28] The concept of facial validity is extremely broad so that state officials are not "'required to act as pseudo-appellate courts scrutinizing the orders of judges.'"[29] A facially valid order can be "unlawful or erroneous"[30] but not rise to the "level of illegality necessary to render them facially invalid for purposes of quasi-judicial immunity."[31] The Tenth Circuit has concluded that "public interest demands strict adherence to judicial decrees"[32] and that "it is simply unfair to spare the

---

[24] *Id.* At 436 (citing 28 U.S.C. § 753(b)) (internal quotations and alterations omitted).

[25] *Lundahl*, 296 F.3d at 939.

[26] *Newton*, 127 F.3d 1109, at *4.

[27] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).

[28] *Moss v. Kopp*, 559 F.3d 1155, 1164 (10th Cir. 2009).

[29] *Id.* at 1165 (quoting *Valdez v. City and Cnty of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989)).

[30] *Id.*

[31] *Id.* at 1166.

[32] *Id.* at 1165.

judges who give orders while punishing the officers who obey them."[33]  Therefore, Defendant Harris is entitled to immunity.

C.      GOVERNMENTAL IMMUNITY

Defendants initially argued that Plaintiff failed to file the required notice of claim with the City, but have since withdrawn this argument.  The Court therefore makes no ruling on the sufficiency of any notice of claim.  The City further argues that it is protected by governmental immunity for any state claims.  Plaintiff has failed to respond to this argument.

The Utah Supreme Court has established a three-step process to determine whether a government entity is immune under the Utah Governmental Immunity Act.  For an activity to be eligible for governmental immunity: (1) it must be determined to be a governmental function for which governmental immunity has been granted under Utah Code § 63G-7-201; (2) the immunity must not have been waived by another section of the Act; and (3) if the immunity has been waived, there is no exception to the waiver that would reinstate the immunity.[34]

Under the first prong, the activity must constitute a government function.  Government function is defined in § 63G-7-102(4)(b) as "each activity, undertaking, or operation performed by a department, agency, employee, agent or officer of a governmental entity."  The municipal justice court is a department of the municipal government and thus its activities are government functions.  A government entity is not liable for government functions unless the Act specifically provides an exception.

Although under § 63G-7-301(4), immunity is waived "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of

---

[33] *Valdez*, 878 F.2d at 1289.

[34] *Ledfors v. Emery Sch. Dist.*, 849 P.2d 1162, 1164 (Utah 1993).

employment," § 63G-7-301(5)(b) specifically states that immunity is *not* waived under subsection (4) if the injury arises out of "assault, battery, false imprisonment, false arrest . . . deceit . . . infliction of mental anguish, or violation of civil rights." Therefore, the City is immune from Plaintiff's state law claims.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Partial Dismissal (Docket No. 23) is GRANTED.

DATED  February 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge