IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ZACHARY LEE ELLIS,<br>Plaintiff,<br><br>vs.<br><br>HON. KEITH L. STONEY, et al.,<br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART UTAH COUNTY DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:12-CV-335 TS |

This matter is before the Court on a Motion for Partial Judgment on the Pleadings filed by Defendants Utah County and Sheriff James O. Tracy (the "Utah County Defendants"). The Utah County Defendants seek dismissal of Plaintiff's state law claims and seek a ruling that Plaintiff's federal claims should be analyzed under the Eighth Amendment. Plaintiff has failed to respond to Defendants' Motion and, for the reasons discussed below, it will be granted in part and denied in part.

I.  BACKGROUND

Plaintiff filed his Amended Complaint in this matter on August 3, 2012.  Plaintiff's claims arise out of his imprisonment at the direction of a state court judge.

Plaintiff's allegations against the Utah County Defendants are relatively sparse.  Plaintiff alleges that he was incarcerated in the Utah County Jail without a commitment order and was placed in maximum security.  Plaintiff alleges that the jail staff had no information as to why Plaintiff was being held.  Defendant James O. Tracy is named because he is the Utah County Sheriff.  Plaintiff asserts Defendant Tracy is liable for failing to train his employees.

Plaintiff brings various 42 U.S.C. § 1983 claims against all Defendants, and state tort claims against some of the Defendants including assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, fraudulent misrepresentation, and negligence.

The Utah County Defendants seek dismissal of Plaintiff's state law claims and seek a ruling that Plaintiff's constitutional claims should be analyzed under the Eighth Amendment.

II.  STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[1]  The same standard is used when evaluating 12(b)(6) and 12(c) motions.[2]

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

---

[1] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[2] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[4] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[5] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

III. DISCUSSION

A. UTAH GOVERNMENTAL IMMUNITY ACT

The Utah County Defendants argue that Plaintiff's state law claims are barred by the Utah Governmental Immunity Act because the notice of claim was deficient, the claims are time barred, and immunity has not been waived for Plaintiff's claims. The Court will address each argument in turn.

The Utah Governmental Immunity Act requires a party asserting a claim against a governmental entity or its employee to file a notice of claim. The notice of claim must include:

---

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *GFF Corp.*, 130 F.3d at 1384.

[6] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

(1) a brief statement of the facts; (2) the nature of the claim asserted; (3) the damages incurred by the claimant so far as they are known; and (4) if the claim is being pursued against a governmental employee individually, the name of the employee.[8] "Failure to strictly comply with these requirements results in a lack of jurisdiction."[9]

Plaintiff's notice of claim, like his Amended Complaint, is exceedingly sparse as it relates to the Utah County Defendants. Plaintiff's notice of claim alleges that he was falsely imprisoned by Judge Stoney, but makes no mention of Defendant Tracy. As for the county, Plaintiff states: "The Utah County jail personnel had no idea why Stoney sent me there. No one at Utah County jail straightened out my False Imprisonment."[10]

The Court finds the notice of claim to be deficient under Utah law. While Plaintiff provides a very brief statement of facts, Plaintiff provides nothing to suggest what claims he may assert against the Utah County Defendants. Plaintiff does claim that he was falsely imprisoned by Judge Stoney, but there is nothing to suggest that he would later bring claims against the Utah County Defendants for assault, battery, intentional and negligent infliction of emotional distress, fraudulent misrepresentation, and negligence. Nor does the notice of claim state with any particularity the amount of damages incurred. Plaintiff only states that the Utah County jail billed him for over $1,000. Finally, Plaintiff does not name anyone individually, except for

---

[8] Utah Code Ann. § 63G-7-401(3)(a).

[9] *Heideman v. Washington City*, 155 P.3d 900, 905 (Utah Ct. App. 2007).

[10] Docket No. 31, Ex. A.

Judge Stoney.  For these reasons, Plaintiff's notice of claim is deficient as it relates to the Utah County Defendants.

Even if Plaintiff's notice of claim was not deficient, there are additional reasons why Plaintiff's state law claims must be dismissed.  The Governmental Immunity Act provides the following procedure for claims against the government:

> Within a year of the commencement of the statute of limitations that would apply if the claim were against a private person, a claimant must file a written notice of claim with the appropriate governmental entity.  That claim is to be approved or denied within 60 days; if no action is taken, the claim is deemed denied at the end of that 60-day period.  The claimant then has one year from the denial or constructive denial of the notice of claim to file an action in district court.[11]

In this case, Plaintiff was incarcerated from January 15, 2010, to February 13, 2010.[12] Plaintiff filed his notice of claim on January 6, 2011.[13]  The 60-day period to approve or deny the claim expired on March 7, 2011.  Plaintiff's Complaint was received by this Court on April 5, 2012.

While Plaintiff may have filed his notice of claim within the appropriate time frame, he did not file his action within the one year period set out in Utah Code Ann. § 63G-7-403.  Therefore, his state law claims must be dismissed.

Even if Plaintiff's notice of claim was sufficient and timely, Plaintiff's state law claims must still be dismissed because they are claims for which immunity has not been waived.

---

[11] *Peak Alarm Co., Inc. v. Werner*, ---P.3d---, 2013 WL 563357, at *4 (Utah Feb. 15, 2013); *see also* Utah Code Ann. §§ 63G-7-401(1)(a), -402, -403.

[12] Docket No. 4, ¶¶ 19, 30.

[13] Docket No. 31, Ex. A.

The Utah Supreme Court has established a three-step process to determine whether a government entity is immune under the Utah Governmental Immunity Act. For an activity to be eligible for governmental immunity: (1) it must be determined to be a governmental function for which governmental immunity has been granted under Utah Code § 63G-7-201; (2) the immunity must not have been waived by another section of the Act; and (3) if the immunity has been waived, there is no exception to the waiver that would reinstate the immunity.[14]

The Act defines governmental function as "each activity, undertaking, or operation of a governmental entity"[15] and "includes each activity, undertaking, or operation performed by a department, agency, employee, agent, or officer of a governmental entity."[16] The operation of the Utah County Jail and the sheriff's office is a governmental function under the Governmental Immunity Act.

Under § 63G-7-301(4), immunity is waived "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." However, immunity is not waived if the injury arises out of, in connection with, or results from "assault, battery, false imprisonment, false arrest, . . . deceit, . . . infliction of mental anguish, or violation of civil rights"[17] or "the incarceration of any person in any state prison, county or city

---

[14]*Ledfors v. Emery Sch. Dist.*, 849 P.2d 1162, 1164 (Utah 1993).

[15]Utah Code Ann. § 63G-7-102(4)(a).

[16]*Id*. § 63G-7-102(4)(b).

[17]*Id*. § 63G-7-301(5)(b).

jail, or other place of legal confinement."[18]  Plaintiff's claims fall within either or both of these exceptions and must be dismissed.

B.      FEDERAL CLAIMS

Plaintiff brings various claims under 42 U.S.C. § 1983.  For example, Plaintiff's Seventh Cause of Action asserts a claim for a violation of the Fourth Amendment pursuant to § 1983.  Defendants argue that Plaintiff's § 1983 claims, though brought pursuant to other provisions of the Constitution, should be considered under the Eighth Amendment.  However, because Defendants do not seek any relief from Plaintiff's federal claims, only a statement as to the appropriate standard to be applied, there is no need to rule on this issue at this time.  Therefore, the Court will deny Defendants' request without prejudice.

C.      UTAH CODE ANN. § 78B-3-104

Defendants argue that dismissal of Plaintiff's state law claims is also required by Utah Code Ann. § 78B-3-104.  That provision states that "[a] person may not file an action against a law enforcement officer acting within the scope of the officer's official duties unless the person has posted a bond in an amount determined by the court."[19]

The claims at issue here, at least as they relate to Defendant Tracy, arise out actions that were within the scope of his official duties.  Plaintiff has not posted a bond.  Courts interpreting a predecessor provision have held that the failure to post a bond necessitates dismissal.[20]  Indeed,

---

[18]*Id*. § 63G-7-301(5)(j).

[19]*Id*. § 78B-3-104(1).

[20]*Rippstein v. City of Provo*, 929 F.2d 576, 577-78 (10th Cir. 1991); *Kiessel v. Dist. Court of Sixth Judicial Dist.*, 84 P.2d 782, 782-85 (Utah 1938).

the failure to dismiss constitutes reversible error.[21] Therefore, dismissal of Plaintiff's state law claims against Defendant Tracy is required under this provision.

Defendants further request an award of attorney fees under this statute. Section 78B-3-104(3) provides that "[t]he prevailing party shall recover from the losing party all costs and attorney fees allowed by the court." Though this statute allows for costs and attorney fees, the Court will wait to determine this issue until after all claims have been resolved. Therefore, the Court will deny Defendants' request for attorney fees without prejudice.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Partial Judgment on the Pleadings (Docket No. 31) is GRANTED IN PART AND DENIED IN PART.

DATED   March 28, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21] *Kiessel*, 84 P.2d at 785.